# UNITED STATES DISTRICT COURT FOR THE
# NORTHERN DISTRICT OF INDIANA
# HAMMOND DIVISION

| | |
|---|---|
| LAMAR TRUSSELL, ) | |
| ) | |
| Plaintiff, ) | No. |
| ) | |
| vs. ) | Judge |
| ) | Magistrate Judge |
| TOWN OF MUNSTER, ) | |
| Munster Police Officers ) | |
| STEVEN SERNA, ) | |
| and MICHAEL SILSBY, ) | Jury Demand |
| ) | |
| Defendants. ) | |

## COMPLAINT

1. This is an action for money damages brought pursuant to 42 U.S.C. § 1983, and the common law and statutes of the State of Indiana.

2. Jurisdiction for Plaintiff's federal claims is based on 28 U.S.C. §§ 1331 and 1343(a). Jurisdiction for Plaintiff's state claims is based on supplemental jurisdiction pursuant to 28 U.S.C. § 1367(a).

3. Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b), in that the claims arose in this district as alleged below.

### Parties

4. Plaintiff is a resident of Chicago, Illinois.

5. Defendant-Officers STEVEN SERNA ("Defendant SERNA") and Sgt. MICHAEL SILSBY ("Defendant SILSBY") are duly appointed and sworn Munster police officers. At all times relevant to this Complaint, Defendants SERNA and SILSBY were acting in the course and scope of their employment, and under color of state law, ordinance and/or regulation.

6. Defendants SERNA and SILSBY are sued in their individual capacities.

1

Defendant TOWN OF MUENSTER is a municipal corporation, duly incorporated under the laws of the State of Indiana and is the employer and principal of Defendants SERNA and SILSBY.

## Facts

8. On or about May 27, 2019, at approximately 2:21 a.m., Plaintiff was stopped while driving northbound at or near 9300 Calumet Avenue in Munster, Indiana. The stop was initiated by Defendant SERNA for alleged traffic violations.

9. Defendant SERNA ordered Plaintiff to exit his car so he could submit to several field sobriety tests.

10. Plaintiff was not intoxicated.

11. Defendant SILSBY was also on the scene. He stayed on scene and consulted with Defendant SERNA during the traffic stop.

12. Dashcam video from Defendant SERNA's squad car recorded the stop of Plaintiff. The field sobriety tests occurred almost entirely off-camera.

13. The video shows that Plaintiff was not intoxicated.

14. Defendant SERNA falsely described Plaintiff as intoxicated and arrested him for misdemeanor OWI after the tests were completed.

15. Defendants SILSBY did not stop Defendant SERNA from falsely arresting Plaintiff for OWI.

16. Plaintiff was taken to the Munster Police Department for processing.

17. The case was docketed in Lake Superior Court as *State of Indiana vs. Lamar Tressell III*, Case No. 45D12-1905-CM-002520.

18. Plaintiff had to retain a private attorney to defend himself against the false arrest.

19. Plaintiff was employed as a truck driver at the time of his arrest. The arrest caused the suspension of his CDL and Plaintiff was terminated from his job.

20. Plaintiff's case pended for close to a year and a half before the OWI charge and traffic violation were dismissed on the State's motion on November 18, 2020.

Defendants SERNA and SILSBY acted willfully and wantonly, maliciously, and with a conscious disregard and deliberate indifference to Plaintiff's rights.

22. As a direct and proximate result of the acts of Defendants SERNA and SILSBY described above, Plaintiff suffered damages including loss of physical liberty, emotional distress, and pecuniary damages including attorney's fees.

## COUNT I
### (42 U.S.C. § 1983 – False Arrest)

23. Plaintiff realleges paragraphs 1 through 22 as if fully set forth herein.

24. Defendant SERNA arrested Plaintiff for OWI.

25. Defendant SERNA did not have probable cause, or any other legal justification to arrest Plaintiff for OWI.

26. The arrest of Plaintiff without any legal justification or probable cause violated his Fourth Amendment right, as guaranteed by the Fourteenth Amendment, to be free from unreasonable seizures.

WHEREFORE, Plaintiff asks that this Honorable Court:

a) Enter judgment against Defendant SERNA,

b) Award Plaintiff compensatory and punitive damages,

c) Award attorneys' fees and costs, and

d) Award any further relief that this Honorable Court deems just and equitable.

## COUNT II
### (42 U.S.C. § 1983 – Failure to Intervene)

27. Plaintiff realleges paragraphs 1 through 22 as if fully set forth herein.

28. While Plaintiff was subjected to the false arrest described above, Defendant SILSBY had an opportunity to intervene, but chose not to intervene.

29. Defendants SILSBY was deliberately indifferent to Plaintiff's right to be free from a false arrest.

WHEREFORE, Plaintiff asks that this Honorable Court:

a) Enter judgment against Defendants SILSBY,

b) Award Plaintiff compensatory and punitive damages,

c) Award attorneys' fees and costs, and

d) Award any further relief that this Honorable Court deems just and equitable.

## COUNT III
**(State Law Claim for Malicious Prosecution)**

30. Plaintiff realleges paragraphs 1 through 22 as if fully set forth herein.
31. Defendant SERNA instituted charges against Plaintiff for OWI.
32. Defendant SERNA brought the charges out of malice.
33. There was not probable cause for such charges.
34. On November 18, 2021, the charges were terminated in a manner favorable to Plaintiff.

WHEREFORE, Plaintiff asks that this Honorable Court:

a) Enter judgment against Defendant SERNA,
b) Award Plaintiff compensatory and punitive damages,
c) Award costs, and
d) Award any further relief that this Honorable Court deems just and equitable.

## COUNT IV
**(State Law *Respondeat Superior* Claim)**

35. The acts of Defendant SERNA described in the above state-law claim for malicious prosecution were tortious acts committed in the scope of employment.
36. Pursuant to *respondeat superior*, Defendant TOWN OF MUNSTER is liable for its agents' actions.

WHEREFORE, Plaintiff demands judgment against Defendant TOWN OF MUNSTER, and such other and additional relief that this Honorable Court deems just and equitable.

## COUNT V
**(Indemnification Claim pursuant to ITCA)**

37. The acts of Defendants SERNA, SILSBY and KOPERA as described in the above claims were tortious acts committed in the scope of employment.
38. Pursuant to the Indiana Tort Claims Act, Defendant TOWN OF MUNSTER is liable for any judgments for compensatory damages in this case arising from the actions of Defendants SERNA and SILSBY.

WHEREFORE, Plaintiff asks that this Honorable Court order Defendant TOWN OF MUNSTER to indemnify Defendants SERNA, and SILSBY for any judgment for compensatory damages in this case arising from their actions.

        Respectfully submitted,

        /s/ Daniel P. Kiss
        *Counsel for the Plaintiff*

Louis J. Meyer
Daniel P. Kiss
MEYER & KISS, LLC
53 W. Jackson Blvd., Suite 1735
Chicago, Il 60604
t. 312.765.0100
f. 312.585.7803
e. louismeyer@meyerkiss.com
e. dankiss@meyerkiss.com