UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | |
|---|---|
| LAMAR TRUSSELL,<br>    Plaintiff,<br><br>    v.<br><br>TOWN OF MUNSTER, *et al.*,<br>    Defendants. | )<br>)<br>)<br>)   CAUSE NO.: 2:21-CV-177-JEM<br>)<br>)<br>)<br>) |

**OPINION AND ORDER**

This matter is before the Court on Defendants' Motion for Summary Judgment [DE 24], filed September 26, 2022. Defendants move for summary judgment on all of Plaintiff's claims.

**I.      Procedural Background**

On May 25, 2021, Plaintiff filed his Complaint which alleges claims of false arrest and failure to intervene arising under federal law, and claims arising under state law alleging malicious prosecution, *respondeat superior* liability and requesting indemnification by the Town of Munster for the damages caused by the actions of the individual Defendants.

Defendants filed the instant Motion on September 26, 2022. Plaintiff filed a response on October 23, 2022, and on November 4, 2022, Defendants filed a reply.

The parties have filed forms of consent to have this case assigned to a United States Magistrate Judge to conduct all further proceedings and to order the entry of a final judgment in this case. Therefore, this Court has jurisdiction to decide this case pursuant to 28 U.S.C. § 636(c).

**II.     Summary Judgment Standard**

The Federal Rules of Civil Procedure mandate that motions for summary judgment be granted "if the movant shows that there is no genuine dispute as to any material fact and the movant

1

is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). Rule 56 further requires the entry of summary judgment, after adequate time for discovery, against a party "who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986) (citing Fed. R. Civ. P. 56(c)). "[S]ummary judgment is appropriate – in fact, is mandated – where there are no disputed issues of material fact and the movant must prevail as a matter of law. In other words, the record must reveal that no reasonable jury could find for the non-moving party." *Dempsey v. Atchison, Topeka, & Santa Fe Ry. Co.*, 16 F.3d 832, 836 (7th Cir. 1994) (citations and quotations omitted). To demonstrate a genuine issue of fact, the nonmoving party "must do more than simply show that there is some metaphysical doubt as to the material facts," but must "come forward with 'specific facts showing that there is a *genuine issue for trial*.'" *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586-87 (1986) (quoting Fed. R. Civ. P. 56(e)).

In viewing the facts presented on a motion for summary judgment, a court must construe all facts in a light most favorable to the non-moving party and draw all legitimate inferences in favor of that party. *See Anderson v. Liberty Lobby*, 477 U.S. 242, 255 (1986); *Srail v. Vill. of Lisle*, 588 F.3d 940, 948 (7th Cir. 2009); *NLFC, Inc. v. Devcom Mid-Am., Inc.*, 45 F.3d 231, 234 (7th Cir. 1995). A court's role is not to evaluate the weight of the evidence, to judge the credibility of witnesses, or to determine the truth of the matter, but instead to determine whether there is a genuine issue of triable fact. *See Liberty Lobby*, 477 U.S. at 249-50. The Court looks to the burden of proof each party would bear on an issue at trial. *Diaz v. Prudential Ins. Co. of Am.*, 499 F.3d 640, 643 (7th Cir. 2007) (quoting *Santaella v. Metro. Life Ins. Co.*, 123 F.3d 456, 461 (7th Cir. 1997)).

**III.   Material Facts**

On May 27, 2019, at approximately 2:20 a.m., Plaintiff was driving in the Town of Munster, and changed lanes without using a turn signal. Defendants Serna and Silsby are police officers for the Town of Munster. Defendant Serna, who was driving a marked Munster police vehicle, pulled Plaintiff's vehicle over and observed that Plaintiff had bloodshot eyes[1]. Serna then performed field sobriety tests on Plaintiff;[2] and Plaintiff refused to take a portable breath test. Serna then gave Plaintiff the Implied Consent Law warning, and arrested Plaintiff. Silsby was in a separate Town of Munster police vehicle behind Serna during the stop and observed the interaction and the arrest. The operating while intoxicated (OWI) charges against Plaintiff were dismissed, in part because the field sobriety tests were not done within range of Serna's dashcam.

**IV.   Analysis**

Defendants argue that they are entitled to summary judgment on all of Plaintiff's claims. Plaintiff argues that there is a question of material fact regarding whether the arrest was supported by probable cause and that Defendants have not shown they are entitled to summary judgment.

    A.   <u>False Arrest</u>

Defendants move for summary judgment on Plaintiff's claim of false arrest (Count I) because there was probable cause to arrest Plaintiff for driving while intoxicated. Plaintiff argues that because there was no probable cause for Serna to think Plaintiff was intoxicated his arrest was unwarranted.

---

1 Serna also asserts that he smelled a moderate odor of alcohol, which Plaintiff denies.
2 Serna asserts that Plaintiff failed all the field sobriety tests. Plaintiff asserts that Serna did not definitively conclude that Plaintiff failed those tests, because "Serna told Plaintiff that the OWI arrest was a "borderline case" because Plaintiff's "balance on some of the tests was okay." Defendants dispute Plaintiff's version and assert that Serna told Plaintiff that Plaintiff had failed the field sobriety tests.

"[T]he existence of probable cause for arrest is an absolute bar to a Section 1983 claim for unlawful arrest, false imprisonment, or malicious prosecution." *Schertz v. Waupaca Cty.*, 875 F.2d 578, 582 (7th Cir. 1989). Probable cause "requires only a probability or substantial chance of criminal activity, not an actual showing of such activity." *Illinois v. Gates*, 462 U.S. 213, 243 n.13 (1983). Probable cause does not require "conclusive proof" of a crime, only a "reasonably grounded suspicion." *Boyce v. Fernandes*, 77 F.3d 946, 950 (7th Cir. 1996). Probable cause need not be "based on evidence sufficient to support a conviction, nor even a showing that the officer's belief is more likely true than false." *Hughes v. Meyer*, 880 F.2d 967, 969 (7th Cir. 1989). When an officer receives a report of a crime from a witness or victim, he is ordinarily entitled to make an arrest. *Wollin v. Gondert*, 192 F.3d 616, 625 (7th Cir. 1999). Subsequently discovered facts are not relevant to a probable cause determination. *Maniscalco v. Simon*, 712 F.3d 1139, 1144 (7th Cir. 2013) ("[T]he probable-cause inquiry depends on the facts known to the arresting officer at the time of the arrest. The fact that an officer later discovers additional evidence unknown to her at the time of the arrest is irrelevant—we only care about what the officer knew at the time the decision was made.") (quoting *Devenpeck v. Alford*, 543 U.S. 146, 152, (2004); *Reynolds v. Jamison*, 488 F.3d 756, 765 (7th Cir. 2007)) (quotation marks omitted).

Defendants argue that Plaintiff has admitted there was probable cause for the stop, and that there is no factual question that there was also probable cause for the arrest for OWI because of a swerve within a lane, the lane change without a signal, the bloodshot eyes, and a moderate odor of alcohol. Plaintiff argues that there was no odor of alcohol because he had consumed no alcohol, that he did not swerve within his lane prior to changing lanes without using his turn signal, and that there is no swerve observed on the dashcam video from Serna's vehicle. Plaintiff also argues

4

that because he had consumed no alcohol that evening there could have been no odor of alcohol. He also argues that his bloodshot eye (assuming they were bloodshot) could have been caused by his work and sleep schedule, and argues that there is no evidence, other than Serna's testimony, that his eyes were bloodshot. The booking photo does not show whether Plaintiff's eyes were bloodshot, and Silsby was unable to remember whether Plaintiff's eyes were bloodshot or whether he detected an odor of alcohol. Plaintiff also argues that the fact that Serna removed Plaintiff's wallet from Plaintiff's vehicle (a fact seen on the dashcam video), but that Plaintiff's wallet was not inventoried at the police station, and indeed was found several blocks away from the police station is further proof that Serna fabricated the bases for an OWI in order to justify arresting Plaintiff. Serna testified in his deposition that Plaintiff "technically failed [the field sobriety tests]. But his balance on some of the tests he showed okay. So I wanted him to take a PBT." Pl's Br. p. 6 (DE 32). Plaintiff then refused to take the portable breath test. Plaintiff argues that this statement creates a question of fact as to whether the arrest was improper.

      Probable cause for an arrest exists if, "at the time of the arrest, the facts and circumstances within the officer's knowledge . . . are sufficient to warrant a prudent person, or one of reasonable caution, in believing, in the circumstances shown, that the suspect has committed, is committing, or is about to commit an offense." *Wagner v. Washington County*, 493 F.3d 833, 836 (7th Cir. 2007); *see also Link v. Taylor*, 2008 WL 2074138 (N. D. Ind. May 14, 2008); *Sheik–Abdi v. McClellan*, 37 F.3d 1240, 1246 (7th Cir. 1995). The test for whether probable cause exists is an objective one; the inquiry is whether a reasonable officer would have believed that the person had committed a crime. *Mahoney v. Kesery*, 976 F.2d 1054, 1057-58 (7th Cir. 1992).

In this case, Plaintiff committed a traffic violation, and the stop was therefore warranted. However, there is conflicting evidence as to whether there was an objective indication that he was intoxicated and therefore summary judgment as to the false arrest claim is not appropriate.

### B. Failure to Intervene

Since the failure to intervene claim (Count II) hinges on the false arrest claim, and there are factual questions on whether the arrest was proper, the failure to intervene claim is also not subject to summary judgment.

### C. State Law Claims

Defendants also move for summary judgment on Plaintiff's state law claims on the basis that because there was probable cause for the arrest, all other claims fail as a matter of law. Plaintiff states that he is moving to dismiss his malicious prosecution and *respondeat superior* claims (Counts III and IV) because he failed to serve the requisite notice on Defendants within the statutorily proscribed timeframe, and therefore did not respond to Defendants' argument on those two counts. Defendants did not raise any objection to this argument. The Court will therefore construe Plaintiff's response as a motion to dismiss Counts III and IV.

Plaintiff argues that his indemnification claim (Count V) should survive because his constitutional violation claims survive. As both Defendants Serna and Silsby were acting in the course of their employment by the Town of Munster, and the claims against them are not ripe for summary judgment, neither is the indemnification claim.

## V. Conclusion

For the foregoing reasons, the Court hereby:

(1) **CONSTRUES** Plaintiff's Response to Defendants' Motion for Summary Judgment as

a Motion to Dismiss Counts III and IV pursuant to Fed. R. Civ. Pro 41(a)(2), to which Defendants have not objected;

(2) **DISMISSES** Counts III and IV of the Complaint with prejudice;

(3) **DIRECTS** the Clerk of Court to enter judgment in favor of Defendants Town of Munster, P. O. Steven Serna, and P. O. Michael Silsby as to Counts III and IV in the Complaint; and

(4) **DENIES in part** Defendants' Motion for Summary Judgment [DE 24] as to Counts I (false arrest), II (failure to intervene) and V (indemnification) of the Complaint.

SO ORDERED this 7th day of December, 2022.

s/ John E. Martin<br>
MAGISTRATE JUDGE JOHN E. MARTIN<br>
UNITED STATES DISTRICT COURT

cc:   All counsel of record